## WALLACE v. UNITED STATES.
### No. 49326.

United States Court of Claims.
March 2, 1954.

Frank A. Graham, Jr., Columbia, S. C., for plaintiff.

Elizabeth B. Davis, Washington, D. C., with whom was H. Brian Holland, Asst. Atty. Gen., for defendant. Andrew D. Sharpe, Washington, D. C., was on the brief.

Before JONES, Chief Judge, and LITTLETON, WHITAKER and MADDEN, Judges.

MADDEN, Judge.

The plaintiff is the widow and sole beneficiary of the estate of Captain Charles A. Wallace who died on August 27, 1944, as a result of wounds received by him while serving in the Army of the United States. The plaintiff sues to recover all the income taxes paid by her husband for the taxable year 1941 and a small amount representing a deficiency and interest on 1940 taxes, which he paid in January 1943. His 1941 taxes were paid in quarterly installments in 1942, as the law at that time required. A 1941 deficiency, and interest on it, were also paid in January 1943.

Captain Wallace entered the military service on November 9, 1942. The taxes in question, being for the taxable years 1940 and 1941, were thus for taxable years preceding the year of his entry into military service. All of the taxes here in question were paid before he entered military service, except the December 1942 installment of the 1941 taxes, and the deficiencies and interest on both 1940 and 1941 taxes which he paid in January 1943. All of the taxes were paid at least 18 months before Captain Wallace's death on August 27, 1944.

The plaintiff relies upon the provisions of 26 U.S.C. 1946 ed., Supp. II, § 421 as amended by Public Law 367, approved August 5, 1947. The statute is Section 421 of the Internal Revenue Code. It provides:

"Abatement of Tax for Members of Armed Forces upon Death.

"In the case of any individual who dies on or after December 7, 1941, while in active service as a member of the military or naval forces of the United States or of any of the other United Nations and prior to January 1, 1948—

"(a) the tax imposed by this chapter shall not apply with respect to the taxable year in which falls the date of his death, or with respect to any prior taxable year (ending on or after December 7, 1941) during any part of which he was a member of such forces; and

"(b) the tax under this chapter and under the corresponding title of each prior revenue law for taxable years preceding those specified in clause (a) which is unpaid at the date of his death (including interest, additions to the tax, and additional amounts) shall not be assessed, and if assessed the assessment shall be abated, and if collected shall be credited or refunded as an overpayment."

Paragraph (a) says that Captain Wallace was not subject to income taxes for the year of his death, 1944, nor for the prior years 1943 and 1942, he having entered the military service on November 9, 1942. If, therefore, he had paid taxes for those years, those taxes would be refundable. But the taxes here sued for were for the taxable years 1940 and 1941, hence paragraph (a) has no application.

The plaintiff urges as we understand it, that, since the 1941 taxes were not due and payable until March, June, September, and December of 1942, that these taxes were for the taxable year 1942, the year in which Captain Wallace entered the military service, and were therefore forgiven and made refundable by paragraph (a) of Section 421. We think the words "taxable year" are so familiar to the Members of Congress who write tax legislation that they could not possibly have used them with the meaning for which the plaintiff contends.

Paragraph (b) says that any income taxes of a soldier for any year, which tax is unpaid at the date of his death, shall not be assessed or collected and if collected shall be refunded. The taxes here in question were not unpaid at the date of the soldier's death. They had been paid, the last of them eighteen months before his death. This paragraph also, then, does not apply to the situation which is before us. The language at the end of the paragraph about crediting or refunding taxes unpaid at the date of death must have to do with cases where information as to the death of the soldier was delayed, or where, in ignorance of the law, the taxes were paid after his death.

We could not hold that the plaintiff was entitled to recover under paragraph (b) of Section 421 without concluding that all the income taxes ever paid for any year by a soldier who died in military service were refundable.

The plaintiff's petition will be dismissed.

It is so ordered.

JONES, Chief Judge, and WHITAKER and LITTLETON, Judges, concur.

**STUB v. UNITED STATES.**
No. 478–53.

United States Court of Claims.
March 2, 1954.

